IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES M. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-07-1155-D |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be reversed and remanded for an award

of benefits.

I. <u>Background</u>

Plaintiff filed his application for benefits on March 6, 2003, alleging that he became disabled on November 1, 1999.[1] (TR 275-277). Plaintiff alleged an inability to work due to osteoarthritis in his shoulders, neck, hands, knees, ankle, and feet. (TR 284). Plaintiff also indicated he had hearing loss in his left ear. (TR 325). Plaintiff described a twelfth grade education and previous work as a laundry supervisor. (TR 290, 317). Plaintiff's earnings records indicate that he was last insured for purposes of disability insurance benefits on December 31, 2005. (TR 88, 307).

Plaintiff's application was denied initially and on reconsideration. (TR 253, 254). At Plaintiff's request, a hearing *de novo* was conducted before Administrative Law Judge Kallsnick ("ALJ") on January 11, 2005. (TR 641-663). On January 22, 2005, ALJ Kallsnick issued an unfavorable decision. (TR 17-23, 696-702). The Appeals Council denied Plaintiff's request for review of this decision. (TR 9-12). Plaintiff sought judicial review of the final decision of the Commissioner, and on the basis of the Defendant Commissioner's unopposed motion for entry of judgment reversing the decision of the Commissioner, United States District Judge Friot entered an Order on October 11, 2006, reversing the Commissioner's decision and remanding the matter to the agency for further administrative

---

[1] Plaintiff filed a previous application for disability insurance benefits on December 13, 2000, and this application was denied on January 24, 2002, following an administrative hearing. (TR 42-51, 85-87).

proceedings. (TR 708-709).

On remand, another administrative hearing was conducted before the ALJ on April 24, 2007, at which Plaintiff and a vocational expert ("VE") testified. (TR 822-856). At the hearing, Plaintiff amended his alleged disability onset date to September 15, 2002, which was his 50th birthday. (TR 826). On June 14, 2007, the ALJ issued a decision in which the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (TR 667-675). There is no record showing Plaintiff sought review of the administrative decision by the Appeals Council. Plaintiff now seeks judicial review of the final decision of the Commissioner embodied in the ALJ's June 14, 2007 decision.

Plaintiff contends that there is not substantial evidence to support the ALJ's decision because there is not substantial evidence to support the ALJ's finding that Plaintiff is capable of performing his past relevant work. Moreover, Plaintiff contends that the Plaintiff's vocational characteristics and residual functional capacity for work dictate a finding that he is disabled. The Commissioner responds that there is substantial evidence in the record to support the ALJ's decision and the decision should be affirmed.

II. Standard of Review

Judicial review of this action is limited to determining whether the Commissioner's decision is based upon substantial evidence and whether the correct legal standards were applied. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir. 1991). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). Because "all the

ALJ's required findings must be supported by substantial evidence," Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999), the ALJ must "discuss[ ] the evidence supporting [the] decision" and must also "discuss the uncontroverted evidence [the ALJ] chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects." Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992). However, the court must "meticulously examine the record" in order to determine whether the evidence in support of the Commissioner's decision is substantial, "taking into account whatever in the record fairly detracts from its weight." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004)(internal quotation omitted).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. See 20 C.F.R. §404.1520(b)-(f); see also Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005)(describing five steps in detail). Where a *prima facie* showing is made that the plaintiff has one or more severe impairments and can no longer engage in prior work activity, "the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity (RFC) to perform work in the national economy, given

4

[the claimant's] age, education, and work experience." Grogan, 399 F.3d at 1261; accord, Channel v. Heckler, 747 F.2d 577, 579 (10th Cir. 1984).

III. Analysis - Steps Four and Five

Following the requisite sequential evaluation procedure, the ALJ found at step one that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2005, and that Plaintiff had not worked since September 15, 2002, his alleged onset date. (TR 669). At step two, the ALJ found that Plaintiff had severe impairments due to degenerative disc disease of the cervical spine, status post bilateral carpal tunnel syndrome release, and left ear hearing loss. (TR 669). At the third step, the ALJ found that Plaintiff's impairments were not presumptively disabling under the agency's Listing of Impairments. (TR 670).

At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform the following work requirements: he can "occasionally lift and/or carry 25 pounds and 10 pounds frequently; stand and/or walk for a total of at least 2 hours in an 8-hour workday; sit for a total of about 6 hours in an 8-hour workday; [perform work requiring] limited pushing and/or pulling with both upper and lower extremities; occasional climbing, balancing, kneeling, crouching, crawling, and stooping; occasional reaching, handling, fingering, and feeling; limited seeing and hearing; and limited exposure to temperature extremes, dust, vibration, humidity/wetness, hazards, and fumes, odors, chemicals, gases." (TR 670). This RFC is consistent with the medical assessment of Plaintiff's RFC for work made by a consultative physical examiner, Dr. Saidi, following a physical examination of

Plaintiff. (TR 497-500). The ALJ further found that Plaintiff was capable of performing his past relevant work as a laundry supervisor. (TR 674).  Alternatively, the ALJ found at step five that Plaintiff was not disabled because there were jobs available in the economy which Plaintiff could perform despite his RFC limitations, including the jobs of motel clerk, general sales clerk, maintenance dispatcher, and employment clerk. (TR 675).

Plaintiff contends that there is not substantial evidence to support the ALJ's step four and step five findings.  With respect to the ALJ's step four finding, Plaintiff contends that the ALJ erred in relying on the VE's testimony at step four based on a hypothetical question that did not include the RFC as found by the ALJ.  At the fourth step of the evaluation process required of administrative factfinders, the ALJ is required to determine whether the claimant retains the RFC to perform the requirements of his or her past relevant work.  At step four, the claimant bears the burden of proving an inability to perform the duties of the claimant's past relevant work. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1051 (10th Cir. 1993).  At this step, the ALJ must "make findings regarding 1) the individual's [RFC], 2) the physical and mental demands of prior jobs or occupations, and 3) the ability of the individual to return to the past occupation, given his or her [RFC]." Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993).  While "the ALJ may rely on information supplied by the VE at step four, the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work." Winfrey v. Chater, 92 F.3d 1017, 1025 (10th Cir. 1996).

At the April 24, 2007 administrative hearing the ALJ asked the VE to describe the exertional demands of Plaintiff's previous work. (TR 845). The VE testified that Plaintiff's past relevant work as a laundry supervisor was skilled, light work. (TR 845-846). However, as Plaintiff described the job it was performed at the very heavy level. (TR 846). The VE testified that Plaintiff had obtained transferable skills from this prior work, including the skills of operating tools and equipment, reading and writing reports, and estimating and maintaining supplies or inventory. (TR 847).

The ALJ then posed a hypothetical inquiry to the VE of a 54-year-old individual with Plaintiff's education and with the RFC for work that included the ability to lift and/or carry 25 pounds occasionally and ten pounds frequently, stand and/or walk at least 2 hours in an 8-hour workday, sit six hours in an 8-hour workday, use his hands to occasionally reach, finger, and feel, occasionally climb, balance, kneel, crouch, crawl, and stoop, avoided loud background noises, and limited to work environments with reasonably controlled temperatures. (TR 847-848). The ALJ asked the VE if this RFC would limit the individual to sedentary work, and the VE responded affirmatively. (TR 847). The VE also testified that this RFC would not allow for the use of Plaintiff's transferable skills, and consequently there were no jobs at this RFC for an individual that would employ Plaintiff's transferable skills. (TR 848-849).

This testimony was significant because Plaintiff's age during the relevant time period between his alleged onset date (50) and the date his insured status expired (53) placed him within the category of claimants who "may be significantly limited in vocational adaptability

if they are restricted to sedentary work." 20 C.F.R. pt. 404, subpt. P, app. 2, §200.00(g). According to the agency's regulations, "[w]hen such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains" unless the individual has "recently completed education which provides for direct entry into [skilled] sedentary work." Id.

At the administrative hearing, the ALJ did not stop with the first hypothetical inquiry and presented two additional hypothetical questions to the VE. In the second hypothetical inquiry, the ALJ posed the question of the availability of work for an individual of Plaintiff's age and educational level and "assum[ing] the testimony of the claimant as given at the hearing today is found to be credible and substantially verified by third party medical evidence...." (TR 849). The VE responded that no jobs were available for such an individual. (TR 849). In a third hypothetical inquiry, the ALJ asked the VE to provide job information for an individual with Plaintiff's age and educational level who could "perform light and/or sedentary work activity" without additional restrictions. (TR 849). The VE responded that such an individual could perform Plaintiff's previous work as a laundry supervisor "as listed, but not as he performed it." (TR 850). The VE also identified other jobs that an individual with these vocational characteristics, including transferable skills, and the RFC for a full range of light or sedentary work could perform, including the jobs of motel clerk, general sales clerk, maintenance dispatcher, and employment clerk. (TR 851-852). In response to questioning by Plaintiff's representative, the VE testified that the RFC presented in the first hypothetical of an individual who could only occasionally reach, handle, finger,

and feel would eliminate all of these jobs. (TR 852).

In the ALJ's decision, the ALJ found that Plaintiff was capable of performing his past relevant work as a laundry supervisor, and in making this finding the ALJ expressly relied on the VE's testimony "that the claimant performed this work for 11 years and could return to it as it is generally performed." (TR 674). The only other explanation for the ALJ's step four finding is his statement that "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as generally performed." (TR 674). The ALJ then set forth his alternative step five findings, which were again based on the VE's testimony concerning jobs that were available to an individual with an RFC for a full range of light and sedentary work.

In response to Plaintiff's contention that there is not substantial evidence to support the ALJ's step four determination, the Commissioner asserts that the ALJ was not obligated to obtain the testimony of a VE in connection with the step four decision that Plaintiff was capable of performing his past relevant work and therefore any reliance on the VE's responses to hypothetical questions at this step does not warrant reversal of the Commissioner's decision. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(ALJ is not required to obtain vocational testimony in step-four decision); Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992)(same). Plaintiff does not contend, however, that the ALJ was obligated to obtain vocational testimony in this case. Rather, Plaintiff contends that the VE's testimony could not provide substantial evidence to support the ALJ's step four decision.

The VE testified in response to the ALJ's third hypothetical inquiry that an individual of Plaintiff's age and educational background and who could perform a full range of light and sedentary work could perform Plaintiff's previous job. However, the ALJ's RFC finding clearly matched the RFC contained in his first hypothetical inquiry presented to the VE. This RFC finding was radically different from the RFC for a full range of light and sedentary work presented in the ALJ's third hypothetical inquiry. The VE testified that the RFC presented by the ALJ in his first hypothetical, which substantively matched the RFC finding ultimately made by the ALJ, was consistent with the requirements for sedentary work. The VE testified that Plaintiff's previous job as a laundry supervisor was classified as light work, as the job was performed in the national economy, and that there were no jobs available within that RFC that would employ Plaintiff's transferable skills. The ALJ erred in relying on the VE's testimony to find that Plaintiff was capable of performing his past relevant work despite his RFC limitations as found by the ALJ. See Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 19910("Testimony elicited by hypothetical questions that do not relate with precision to all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision.")(internal quotation omitted). Moreover, the ALJ failed to make the required findings on the record regarding the demands of Plaintiff's past work. See Winfrey, 92 F.3d at 1025.

The absence of substantial evidence to support the ALJ's step four decision does not in itself warrant the reversal of the Commissioner's decision because the ALJ made an alternative finding at step five that Plaintiff was capable of performing work that is available

in the economy. The ALJ recognized that at this step the burden of proof shifted to the Commissioner to establish that Plaintiff was capable of performing other work. (TR 675). The ALJ found that Plaintiff had the ability to perform other work available in the economy, and the ALJ recited the VE's testimony. However, the ALJ again erred in relying on the VE's testimony because the VE testified concerning the availability of jobs for a hypothetical individual with Plaintiff's transferable skills who could perform a full range of light or sedentary work. (TR 851). The VE's testimony under these circumstances does not provide substantial evidence to support the ALJ's alternative step five finding. Hargis, 945 F.2d at 1492.

The VE testified that an individual with an RFC for work matching the RFC ultimately found by the ALJ had no transferable skills. Given Plaintiff's vocational characteristics and the RFC finding made by the ALJ, the agency's Medical-Vocational Guidelines dictate a finding that Plaintiff was disabled and entitled to benefits. Plaintiff was 50 years old at the time he allegedly became disabled, and he was 53 years old at the time his insured status expired in December 2005. The agency characterizes claimants between the ages of 50 and 54 as "approaching advanced age." 20 C.F.R. pt. 404, subpt. P, app. 2, §200.00(g). As explained earlier, for these individuals the agency has adopted a regulation recognizing that individuals in this age group "may be significantly limited in vocational adaptability if they are restricted to sedentary work. When such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains." Id. An exception is recognized

for such individuals who "recently completed education which provides for direct entry into sedentary work...." Id.   There was no evidence that Plaintiff had recently completed any education that would allow him direct entry into sedentary, skilled work,.  At the time he filed for benefits, and at the time his insured status expired, Plaintiff was closely approaching advanced age, he had a twelfth grade education, and he had no transferable skills to sedentary work.  Under the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2, §201.14, and in light of the RFC finding which the VE undisputedly classified as sedentary work, the ALJ should have found at step five that Plaintiff was disabled and entitled to benefits.  Accordingly, the Commissioner's decision should be reversed and remanded for an award of benefits.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter REVERSING the decision of the Commissioner to deny Plaintiff's application for benefits and REMANDING the case for an award of benefits.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before   June 24th   , 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The parties are further advised that failure to file a timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed


herein is denied.

ENTERED this ____4th____ day of ____June____, 2008.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE