# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JAMES M. CLARK, )
)
        Plaintiff, )
)
vs. )      Case No. CIV-07-1155-D
)
MICHAEL J. ASTRUE, Commissioner of )
  the Social Security Administration, )
)
        Defendant. )

## ORDER

Before the Court is the Motion for Attorney Fees Under 42 U. S. C. § 406(b) filed herein by

Plaintiff's counsel [Doc. No. 26]. Counsel seeks approval of an attorney fee of $14,800.00 for legal

work before this Court in connection with Plaintiff's receipt of Social Security benefits, to be paid

to counsel pursuant to the contingent fee contract executed by Plaintiff. Upon receipt of the

approved fee, counsel will then refund to Plaintiff the $8,420.60 in fees previously awarded and paid

to Plaintiff as the prevailing party under the provisions of the Equal Access to Justice Act, 28 U. S.

C. § 2412(d) ("EAJA").[1]

Defendant has timely responded to the Motion, acknowledging that he is not the true party

in interest and has no financial stake in the outcome of the motion. *See Gisbrecht v. Barnhart*, 535

U.S. 789, 798 n. 6 (2002). Defendant discusses the standards to be employed by the Court in ruling

---

[1]As Plaintiff's counsel correctly notes in the Motion, there were two separate EAJA awards to Plaintiff because she filed two lawsuits seeking to recover Social Security compensation. The first lawsuit, Case No. CIV-06-106-F, resulted in the remand of the matter to the Commissioner, with a determination that Plaintiff was entitled to judgment; the Honorable Stephen Friot approved a $3,857.10 EAJA fee in that case. On remand to the Commissioner, Plaintiff was again denied benefits and, current counsel was again retained to represent him in this lawsuit. The undersigned remanded the matter to the Commissioner and entered judgment for Plaintiff in this case [Doc. No. 20]; EAJA fees in the amount of $4,563.50 were awarded as a result of the judgment in favor of Plaintiff [Doc. No. 24]. Therefore, the total EAJA award attributable to Plaintiff's claim is $8,420.60.

on a motion for § 406(b) fees, and does not take a position with regard to the reasonableness of the fee requested by counsel in this case.

In support of the motion, counsel summarizes the history of Plaintiff's efforts to secure benefits, and notes that Plaintiff has now been awarded $80,616.00 in past-due benefits. Counsel also explains that Plaintiff and counsel executed a contingent fee contract in which Plaintiff agreed to pay counsel a fee of 25% of any past-due benefits obtained if he ultimately received a favorable decision and was awarded benefits. A copy of the contingent fee contract is submitted as Attachment 1 to the Motion. The contract provides that any fee paid pursuant to its terms will be offset by fees awarded pursuant to EAJA. Counsel states that, if the Court approves the requested fee of $14,800.00, the previously awarded EAJA fees of $8,420.60 will be refunded to Plaintiff and the balance retained by counsel as the full attorney fee for his representation in this case. That procedure is consistent with the parties' contingency fee agreement and the applicable legal authorities.

Section 406(b) fees are available when, as in this case, a court remands a case for further proceedings and the agency issues a favorable ruling on remand; the award may not exceed 25% of the past-due benefits awarded. *McGraw v. Barnhart*, 450 F. 3d 493, 502 (10th Cir. 2006). However, a § 406(b) award is not mandatory. *Id.* Nor is an award consisting of 25% of the past-due benefits required in all cases; instead, the 25% represents a ceiling on the fees. *Gisbrecht*, 535 U.S. at 807. The Court must independently review the § 406(b) fee request to ensure that it satisfies the statutory purpose of yielding a reasonable result. *Id.* at 806.

Before determining the amount of a reasonable fee, the Court must first find that the motion for a fee award is timely. There is no deadline prescribed by the statute, but fee requests must be

2

filed within a reasonable time. *See McGraw*, 450 F. 3d at 505. In this case, counsel points out that the 406(b) motion was inadvertently filed in the earlier litigation , Case No. CIV-06-106-F, rather than in this case. Because that case had been closed, the motion was stricken and counsel was notified that the motion must be filed in this case; however, counsel states that, due to an apparent error in the email communication, counsel did not learn of that action until approximately five months later. Counsel then promptly filed the 406(b) motion in this case.

The Court has reviewed the record in both cases, and concludes that counsel's representation of these events is correct. Under the unique circumstances presented, the Court finds that the delay in submitting the motion in this case was inadvertent and excusable. The Court concludes that the motion was timely filed.

The Court must next determine the reasonableness of the fee requested. The attorney for the successful claimant bears the burden of establishing the reasonableness of the fee; although § 406(b) does not prescribe the factors to be applied in evaluating the reasonableness of the amount, the United States Supreme Court has discussed in general the items to be considered. *Gisbrecht*, 535 U.S. at 808. Specifically, the Court has held that contingent fee agreements are permissible under § 406(b). *Id.* at 808-09. The Court must, however, determine that the terms of the agreement are reasonable; if so, the agreement should be given significant weight in fixing a fee; however, the Court should also consider other factors, including the time expended by counsel as well as the quality of the legal work. *Gisbrecht*, 535 U.S. at 808. The "lodestar" method should not be applied in determining the reasonableness of a fee in a Social Security case where a plaintiff has executed a contingent fee contract. *Id.* at 806. Instead, the Court should examine the quality of the legal representation, and may reduce a requested fee if the work was substandard, if there were

unnecessary delays, or if the representation was otherwise deficient. *Gisbrecht*, 535 U. S. at 808.

In this case, the parties executed a contingent fee agreement governing the work to be performed by counsel in federal court proceedings in connection with Plaintiff's claim for Social Security benefits. *See* Attachment 1 to Motion. The agreement set a maximum fee of 25% of any past due benefits awarded, subject to reduction by any award of fees pursuant to EAJA. The agreement provides that, if a favorable decision does not result, Plaintiff will owe no attorney fee. Having examined the terms and provisions of the agreement, the Court finds that it is reasonable.

With respect to the other factors to be considered in assessing a reasonable fee, the Court finds that the quality of the work performed by counsel warrants the fee requested. Counsel pursued Plaintiff's claim in a timely manner, and was successful in achieving a reversal of the Defendant's decision and a remand of the matter for further consideration. Although that decision was not favorable to Plaintiff, counsel pursued new litigation and, ultimately, Plaintiff was determined to qualify for benefits. Over $80,000 in past-due benefits have now been awarded. Plaintiff's efforts to secure benefits spanned a time period of several years; however, the record reflects that counsel did not cause the delay. The Court finds no deficiency in counsel's performance.

Counsel for Plaintiff explains in detail the hourly rates associated with the work performed in this case and the total hours incurred; counsel also discusses in detail the law governing § 406(b) fee awards. As Attachment 2 to the Motion, Plaintiff's counsel submits a detailed record of the work performed on behalf of Plaintiff, the hours incurred, and the hourly rates attributable to the services performed. Having reviewed the information and the argument presented, the Court finds the fee requested by counsel to be reasonable.

The Court has fully considered the terms of the contingent fee contract, the work performed

by counsel in this case, the results obtained, and the hourly rates associated with the work of counsel. The Court concludes that the requested fee of $14,800.00 represents a fair and reasonable fee. Accordingly, the Motion [Doc. No. 26] is GRANTED. The Defendant is directed to pay the amount of $14,800.00 to Plaintiff's counsel, Steve A. Troutman of Troutman & Troutman, P. C., as total payment of the attorney fee to be awarded pursuant to § 406(b). Upon receipt of same, Plaintiff's counsel shall refund to Plaintiff the EAJA fees previously awarded and paid to counsel.

IT IS SO ORDERED this 20th day of January, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE